## IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF GEORGIA
## AUGUSTA DIVISION

| | |
|---|---|
| AMERICAN INTERSTATE INSURANCE COMPANY, | |
| Plaintiff, | Civil Action File No. |
| v. | _____ |
| DOCTORS HOSPITAL OF AUGUSTA, LLC, | |
| Defendant. | |

## COMPLAINT FOR DECLARATORY JUDGMENT

**COMES NOW** American Interstate Insurance Company ("AIIC") and hereby files its Complaint for Declaratory Judgment against Doctors Hospital of Augusta, LLC ("Doctors Hospital"), showing this Honorable Court as follows:

## PARTIES

1.

AIIC is an insurance company organized and existing under the laws of the State of Nebraska with its principal place of business in the State of Louisiana.

- 1 -

2.

Doctors Hospital is a limited liability company registered to do business in the State of Georgia, and it is organized and existing under the laws of the State of Delaware with its principal place of business in the State of Tennessee. Doctors Hospital is a wholly owned subsidiary of HCA Healthcare, Inc., which is a corporation organized and existing under the laws of the State of Delaware with its principal place of business in the State of Tennessee. Doctors Hospital may be served with process via its Registered Agent for Service of Process, C T Corporation System, at the following location and address: 289 S. Culver Street, Lawrenceville, Georgia 30046.

## JURISDICTION AND VENUE

3.

This Court has original jurisdiction over this action under the provisions of 28 U.S.C. § 1332 because this action is between citizens of different states, who are completely diverse, and the amount in controversy exceeds the jurisdictional limit of $75,000, exclusive of interest and costs. Specifically, AIIC is a citizen of the states of Nebraska and Louisiana, while Doctors Hospital is deemed to be a citizen of its members, which is solely HCA Healthcare, Inc., and which is a citizen of the states

of Delaware and Tennessee. Therefore, complete diversity of citizenship exists here.

4.

This Court has personal jurisdiction over Doctors Hospital because it conducts business within the State of Georgia, this judicial district, and this division of the Court.

5.

Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2).

## NATURE OF ACTION

6.

This is a Complaint for Declaratory Judgment, brought pursuant to Rule 57 of the Federal Rules of Civil Procedure and 28 U.S.C. § 2201, to declare the rights and other legal relations surrounding questions of actual controversy that presently exist between AIIC and Doctors Hospital.

7.

A controversy of a judicial nature presently exists among the parties that demands a declaration by this Court in order that AIIC may have its rights and duties under the relevant contract of insurance determined and avoid the possible accrual of damages.

## FACTUAL ALLEGATIONS

### *The Incident*

8.

Advanced Environmental Options, Inc. ("AEO") is an environmental services company doing business in South Carolina[1] and that offers services in South Carolina, including, but not limited to, industrial cleaning, site remediation, emergency response, and manufacturing and chemical waste management.

9.

On November 1, 2021, AEO employed John Doe 1 ("DOE 1") and John Doe 2 ("DOE 2")[2] in South Carolina, each of whom are South Carolina residents and domicilliaries.

10.

On November 1, 2021, and within the course and scope of their employment with AEO, DOE 1 and DOE 2 travelled to 185 Little John Street, Spartanburg, South Carolina 29301 (the "SC Property") for purposes of removing fiber pellets and

---

[1]     AEO is a corporation organized and existing under the laws of the State of South Carolina with its principal place of business in the State of South Carolina.

[2]     AEO's employees are being referred to as "John Does" to protect their privacy. The identities of the employees are known to the parties and will be disclosed if ordered by the Court.

plastic dust which had accumulated on the floor and surfaces in a furnace room at the SC Property (the "SC Work").

11.

As DOE 1 and DOE 2 were performing the SC Work, an explosion occurred on the SC Property when the plastic dust and/or fiber pellets they were removing were ignited by a furnace (the "SC Incident").

12.

As a result of the SC Incident, both DOE 1 and DOE 2 sustained bodily injuries, including severe burns to their bodies.

13.

Following the SC Incident, on November 1, 2021, DOE 1 and DOE 2 were transported by ambulance to Spartanburg Medical Center in Spartanburg, South Carolina.

14.

Soon thereafter, and without the prior approval of AIIC, DOE 1 and DOE 2 were transported to Doctors Hospital in Augusta, Georgia for further emergency treatment.

15.

Since the date of the SC Incident, and without the prior approval of AIIC, DOE 1 and DOE 2 have incurred substantial bills for medical services from Doctors Hospital in Augusta, Georgia.

### *The Workers' Compensation Claim*

16.

On November 1, 2021, AEO's workers' compensation insurer, AIIC, was first notified of DOE 1 and DOE 2's injuries arising from the SC Work and related to the SC Incident and on the SC Property.

17.

On or about November 8, 2021, Amerisafe Risk Services, Inc., on behalf of its affiliate, AIIC, notified Doctors Hospital that it was handling the South Carolina workers' compensation claims of both DOE 1 and DOE 2, and advised Doctors Hospital that DOE 1 and DOE 2 were being treated "at [Doctors Hospital's] facility for a work-related injury . . . ." A true and accurate redacted copy of the November 8, 2021 correspondence is attached hereto as **Exhibit A**.

18.

In that same letter, Amerisafe Risk Services, Inc. advised Doctors Hospital to "forward [to Amerisafe Risk Services, Inc.] invoices and medical records" arising from DOE 1 and DOE 2's injuries. *Id.*

19.

Between November and December 2021, both DOE 1 and DOE 2, through counsel, formally initiated workers' compensation claims with the South Carolina Workers' Compensation Commission under South Carolina's Workers' Compensation Act. A true and accurate redacted copy of DOE 1 and DOE 2's Form 50 is attached hereto as **Exhibit B.**

20.

Pursuant to South Carolina law, which governs the interpretation and application of the Policy, *see infra,* a workers' compensation insurer shall pay a medical provider's invoice for services "in a timely manner but no later than thirty days from the date the authorized health care provider tenders request for payment . . . ." S.C. Code Ann. § 42-9-360(d).

21.

On or about April 25, 2022, AIIC received Doctors Hospital's tender of an invoice for medical services rendered to DOE 1 in the arbitrary and exorbitant amount of $16,293,628.38 (the "DOE 1 Invoice"). Receipt of the DOE 1 Invoice initiated AIIC's thirty (30) day payment deadline pursuant to S.C. Code Ann. § 42-9-360(d) of South Carolina's Workers' Compensation Act. A true and accurate redacted copy of the DOE 1 Invoice is attached hereto as **Exhibit C**.

22.

A dispute arose between AIIC and Doctors Hospital regarding the DOE 1 Invoice's charges, with AIIC claiming that the arbitrary and exorbitant $16,293,628.38 invoice far exceeded what should be charged under an applicable workers' compensation law, and with Doctors Hospital claiming that it is entitled to charge DOE 1 for the services, as such charges were billed. The parties' dispute is ongoing and has not been resolved.

23.

Because of the ongoing dispute between Doctors Hospital and AIIC concerning the DOE 1 Invoice, AIIC was placed in a position of significant uncertainty as to the extent of its obligation to pay the arbitrary and exorbitant

$16,293,628.38 worth of charges found therein. Nevertheless, faced with potential state law penalties for failing to do so, AIIC was forced by South Carolina's Workers' Compensation Act to tender a payment for the DOE 1 Invoice to Doctors Hospital by the 30-day deadline. S.C. Code Ann. § 42-9-360(d).

24.

Consequently, on May 24, 2022, one day prior to the mandated 30-day deadline to pay the DOE 1 Invoice, AIIC had no choice but to submit payment to Doctors Hospital in the reasonable amount of $1,588,485.17, which is the sum payable as determined by the Policy (defined below) and South Carolina's Workers' Compensation Act, and such payment was less than the unreasonable sum charged by Doctors Hospital.

25.

Similarly, on or about May 13, 2022, AIIC received Doctors Hospital's tender of an invoice for medical services rendered to DOE 2 in the arbitrary and exorbitant amount of $22,385,508.35 (the "DOE 2 Bill"). Receipt of the DOE 2 Invoice initiated the thirty (30) day payment deadline pursuant to S.C. Code Ann. § 42-9-360(d) of South Carolina's Workers' Compensation Act. A true and accurate redacted copy of the DOE 2 Invoice is attached hereto as **Exhibit D**.

- 9 -

26.

Thus, pursuant to South Carolina law, which governs the interpretation and application of the Policy, *see infra,* AIIC was required by S.C. Code Ann. § 42-9-360(d) to tender a payment for the DOE 2 Invoice no later than June 13, 2021, otherwise it would suffer penalties under state law.

27.

Because of the ongoing dispute between Doctors Hospital and AIIC concerning the DOE 1 Invoice, and because of the pressure placed on AIIC by the 30-day payment deadline, AIIC was placed in an additional position of uncertainty as to the extent of its obligation to pay the arbitrary and exorbitant $22,385,508.35 worth of charges contained in the DOE 2 Invoice. Nevertheless, faced with potential state law penalties for failing to do so, AIIC was forced by South Carolina's Workers' Compensation Act to tender a payment for the DOE 2 Invoice to Doctors Hospital by the 30-day deadline. S.C. Code Ann. § 42-9-360(d).

28.

Accordingly, on June 9, 2022, AIIC had no choice but to submit payment to Doctors Hospital for the DOE 2 Invoice in the reasonable amount of $2,182,957.81, which is the sum payable as determined by the Policy (defined below) and South

- 10 -

Carolina's Workers' Compensation Act, and such payment was less than the unreasonable sum charged by Doctors Hospital.

29.

Doctors Hospital continues to assert entitlement to, and demands payment of, the full unreasonable charges and amounts contained in the DOE 1 and DOE 2 Invoices, which together, charge an arbitrary and exorbitant sum totaling $38,679,136.73.

30.

AIIC contends, however, that the Policy obligates it to pay Doctors Hospital only the reasonable total amount of $3,771,442.98, which is the reasonable sum payable as determined by the Policy (defined below) and South Carolina's Workers' Compensation Act.

31.

AIIC is not required to pay the full arbitrary and exorbitant charges found in the DOE 1 and DOE 2 Invoices; rather, AIIC is only required to pay Doctors Hospital as determined by the Policy, which is governed and interpreted pursuant to South Carolina law and the rates set by South Carolina's Workers' Compensation Act or another reasonable, usual, and customary formulation. *See* S.C. Code Ann. §

38-61-10 ("All contracts of insurance on property, lives, or interests in this State are considered to be made in the State and . . . *are subject to the laws of this State*." (emphasis added)); S.C. Code Ann. § 42-15-70 (providing that an employer's workers' compensation liability for "medical, surgical and hospital service or other treatment . . . shall be limited to such charges as prevail in the community for similar treatment of injured persons . . . .").

32.

Doctors Hospital treated both DOE 1 and DOE 2 with full knowledge of the fact that their injuries occurred in South Carolina, within the course and scope of their South Carolina employment with AEO, which is a South Carolina corporation, and with further knowledge of the fact that payment for both DOE 1 and DOE 2's medical services were being handled through workers' compensation and by AEO's workers' compensation insurer, AIIC.

33.

As a result of Doctors Hospital's continued demand for full payment of the DOE 1 and DOE 2 Invoices, which purport to require payment of arbitrary and exorbitant charges totaling $38,679,136.73, AIIC is placed in a position of significant uncertainty and insecurity as to whether it must, in the future, (1) pay the

remainder of the DOE 1 and DOE 2 Invoices as well as the full arbitrary and exorbitant charges found in future invoices; (2) pay such invoices (and future invoices) in accordance with South Carolina's Workers' Compensation Act; (3) or pay such invoices (and future invoices) in accordance with another reasonable, usual, and customary formulation.

34.

Under South Carolina's Workers' Compensation Act, participants are typically entitled to a Medical Bill Review in the event of a dispute as to the amount owed for medical treatment, S.C. Code Ann. Regs. 67-1305, but this dispute resolution procedure is unavailable when the treatment is provided outside the State of South Carolina, *see* Law of Workers' Comp. Ins. in S.C. (6th ed.) Chapter 9 (I)(H)(8)(b), citing *Doctors Hospital of Augusta, L.L.C. v. Comptrust AGC Workers' Compensation Trust Fund*, 371 S.C. 5, 636 S.E.2d 862 (2006).

35.

Therefore, because there is no available review of Doctors Hospital's arbitrary and exorbitant charges within the hearing processes established by the South Carolina Workers' Compensation Act, AIIC seeks a review and declaration of its liability and obligations under the Policy before this Court.

36.

"Affording relief in such circumstances is the driving force behind the [federal] Declaratory Judgment Act." *Ballard Marine Constr., Inc. v. CDM Constructors, Inc.*, No. CV 417-118, 2018 WL 3090393, at *3 (S.D. Ga. Feb. 7, 2018) (Hall, C.J.).

## THE INSURANCE CONTRACT

37.

American Interstate Insurance Company issued a Workers' Compensation and Employers Liability Insurance Policy to "Advanced Environmental Options, Inc.," policy number AVWCSC2995562021, with an effective policy period from May 21, 2021 to May 21, 2022 (the "Policy"). The Policy was obtained through a South Carolina insurance agency, and it was delivered to AEO, a South Carolina corporation, at its address in South Carolina. A true and accurate copy of the Policy is attached hereto as **Exhibit E**.

38.

The Policy "applies to the Workers Compensation Law of the [following] states . . . : AL, FL, GA, MD, NC, SC, TN, VA, DC, WV." *See* Policy, Information Page, at p. 1.

- 14 -

39.

The Policy's coverage contains the following relevant definitions, terms, provisions, exclusions, and conditions:

## WORKERS COMPENSATION AND EMPLOYERS LIABILITY INSURANCE POLICY

In return for the payment of the premium and subject to all terms of this policy, we agree with you as follows:

## GENERAL SECTION

**A.      The Policy**

This policy includes at its effective date the Information Page and all endorsements and schedules listed there. It is a contract of insurance between you (the employer named in Item 1 of the Information Page [AEO]) and us (the insurer named on the Information Page [AIIC]). The only agreements relating to this insurance are stated in this policy. The terms of this policy may not be changed or waived except by endorsement issued by us to be part of this policy.

.   .   .

**C.      Workers Compensation Law**

Workers Compensation Law means the workers or workmen's compensation law and occupational disease law of each state or territory named in Item 3.A. of the Information Page. It includes any amendments to that law which are in effect during the policy period. . . .

- 15 -

**D.     State**

State means any state of the United States of America, and the District of Columbia.

.   .   .

**PART ONE**
**WORKERS COMPENSATION INSURANCE**

**A.     How This Insurance Applies**

This workers compensation insurance applies to bodily injury by accident or bodily injury by disease. Bodily injury includes resulting death. . . .

**B.     We Will Pay**

We will pay promptly when due the benefits required of you by the workers compensation law.

.   .   .   .

*See* Policy (Form No. WC 00 00 00 C).

40.

AEO (the Insured) seeks coverage under the Policy for the South Carolina workers' compensation claims asserted by DOE 1 and DOE 2.

41.

Doctors Hospital seeks payment of the DOE 1 and DOE 2 Invoices in excess of the coverage provided under the Policy for the South Carolina workers' compensation claims asserted by DOE 1 and DOE 2.

## DECLARATORY JUDGMENT

### COUNT I
### AIIC IS ONLY LIABLE UNDER THE POLICY
### TO THE EXTENT REQUIRED BY
### SOUTH CAROLINA'S WORKERS' COMPENSATION ACT

42.

AIIC repeats and realleges the foregoing paragraphs as if fully set forth herein.

43.

On or about November 8, 2021, Amerisafe Risk Services, Inc., on behalf of its affiliate, AIIC, notified Doctors Hospital that it was handling the South Carolina workers' compensation claims of both DOE 1 and DOE 2, and advised Doctors Hospital that DOE 1 and DOE 2 were being treated "at [Doctors Hospital's] facility for a work-related injury . . . ."

44.

In that same letter, Amerisafe Risk Services, Inc., on behalf of AIIC, advised Doctors Hospital to "forward [to Amerisafe Risk Services, Inc.] invoices and

medical records" arising from DOE 1 and DOE 2's injuries so those invoices and records could be used to adjust both DOE 1 and DOE 2's South Carolina workers' compensation claims.

45.

Nevertheless, Doctors Hospital proceeded to treat both DOE 1 and DOE 2's burn injuries for months before demanding payment for its services and without notifying AIIC that it intended to invoice AIIC for such treatment at rates far in excess of those established by South Carolina's Workers' Compensation Act.

46.

No agreement or contract existed or exists between Doctors Hospital, AIIC, or AEO that specifies that the DOE 1 and DOE 2 Invoices would be paid based upon anything other than the medical fee schedule of South Carolina's Workers' Compensation Act.

47.

The Policy was issued by AIIC through a South Carolina insurance agency and delivered to AEO, a South Carolina employer and corporation, at its South Carolina address. The Policy affords coverage for injuries to persons employed in South Carolina, for work conducted in South Carolina, and who claim workers'

compensation benefits under South Carolina law. Therefore, South Carolina law governs the interpretation and application of the Policy. *See* S.C. Code Ann. § 38-61-10; *accord Koppers Performance Chemicals, Inc. v. Travelers Indem. Co.*, 2022 WL 1138103, at *4 (D.S.C. Apr. 18, 2022); *Nationwide Mut. Fire Ins. Co. v. Cato Dev., Inc.*, 2011 WL 4017874, at *4 (S.D. Ga. Sept. 8, 2011).

48.

As the Policy is governed by South Carolina law, and provides benefits to a South Carolina insured, whose South Carolina workers were injured in South Carolina and initiated South Carolina workers' compensation claims, the Policy must utilize and abide by the South Carolina Workers' Compensation Act as determinative of AIIC's payment obligations respecting these workers' compensation claims. *See* S.C. Code Ann. § 38-61-10 ("All contracts of insurance on property, lives, or interests in this State are considered to be made in the State and . . . *are subject to the laws of this State*." (emphasis added)).

49.

The Policy issued by AIIC to AEO provides that AIIC will "pay promptly when due the benefits required of [AEO] by the workers['] compensation law."

50.

The Policy defines "workers' compensation law," *inter alia*, as "the workers or workmen's compensation law and occupational disease law of each state or territory named in . . . the Information Page."

51.

The Policy identifies the State of South Carolina on the Policy's Information Page.

52.

Thus, per the Policy, AIIC is obligated only to "pay promptly when due the benefits required" of AEO by the South Carolina's Workers' Compensation Act. Indeed, the South Carolina's Workers' Compensation Act is the only statute under which DOE 1 and DOE 2's workers' compensation claims were made, and it is the only applicable workers' compensation law with jurisdiction over the DOEs' claims.

53.

Under the South Carolina Workers' Compensation Act, the medical fees charged by physicians and hospitals are established by medical fee schedules approved by the Commission. S.C. Code Ann. § 42–15–90. The purpose of fee payment schedules is for medical cost containment, as most employers are required

to carry workers' compensation insurance. *S.C. Ambulatory Surgery Ctr. Ass'n v. S.C. Workers' Comp. Comm'n*, 389 S.C. 380, 383, 699 S.E.2d 146, 148 (2010). The Commission has published schedules listing the "maximum allowable payment" cap in such circumstances, and medical charges equaling or falling below such cap are presumed reasonable and do not require Commission review. *Id.*

54.

To that end, South Carolina's Workers' Compensation Act requires that payment be made under the Act and pursuant to the fee schedules "in a timely manner but no later than thirty days from the date the authorized health care provider tenders request for payment . . . ." S.C. Code Ann. § 42-9-360(d).

55.

South Carolina law further provides that neither an employer nor an insurer may pay, and neither a medical facility nor practitioner may accept, payment for medical services in an amount that exceeds the "maximum allowable payment" amounts listed in the medical fee schedule as established by the Commission and as directed by South Carolina's 2021 Workers' Compensation Medical Services Provider Manual (the "SC Manual"). *See* S.C. Code Ann. Regs. 67-1302; 67-1303. Stated another way, in this context, an employer and its workers' compensation

insurer are prohibited by South Carolina law from paying for medical services exceeding the "maximum allowable payment" permitted by South Carolina's Workers' Compensation Act.

56.

According to the SC Manual, South Carolina's "general policy" is that "[t]he amount paid [respecting workers' compensation claims] will be the lesser of the provider's usual and customary charge or the maximum allowable payment" provided by South Carolina law and the Commission's approved fee schedule.

57.

The SC Manual further provides that, while the maximum allowable payment is not mandatory for medical services performed outside of South Carolina, "emergency situations" are an exception and do not require insurers to "negotiate rates with out-of-state providers prior to authorizing care."

58.

The SC Work and the SC Incident occurred on property located in South Carolina, and to individuals domiciled in South Carolina, and employed by an entity (AEO) incorporated and doing business in South Carolina, and which is subject to the jurisdiction of the South Carolina Workers' Compensation Act.

59.

Without the prior approval of AIIC, both DOE 1 and DOE 2 were transported from South Carolina by emergency vehicles to Doctors Hospital's burn center in Augusta, Georgia on November 1, 2021 (the date of the SC Incident) for treatment of their severe burns.

60.

Because of the seriousness of their injuries, and the haste with which they were transported to Doctors Hospital, AIIC did not have a reasonable opportunity to "negotiate rates with [Doctors Hospital] prior to authorizing care" for DOE 1 or DOE 2.

61.

Because DOE 1 and DOE 2 were treated by Doctors Hospital in response to an emergency, without the prior approval of AIIC, and without AIIC having had the benefit to negotiate a rate with it, the SC Manual reverts to its "general policy" with respect to the medical services provided to DOE 1 and DOE 2.

62.

Accordingly, as directed by the SC Manual, "[t]he amount paid [to Doctors Hospital by AIIC] will be the *lesser* of the provider's usual and customary charge or

the maximum allowable payment" provided by South Carolina law.

63.

In the context of medical services provided pursuant to a workers'
compensation claim, and as a provider incorporated and located in Georgia, and as
a provider that is typically subject to Georgia's Workers' Compensation Act,
Doctors Hospital's "usual and customary" charges in the workers' compensation
context generally equate to the "maximum allowable reimbursement" provided
under the medical fee schedule of Georgia's Workers' Compensation Act. *See*
O.C.G.A. 34-9-205(b) (providing that, on an annual basis, the Georgia Workers'
Compensation Board "shall publish in print or electronically a list by geographical
location of *usual, customary, and reasonable charges for all medical services
provided*," and such "*[f]ees . . . shall be presumed reasonable*.") (emphasis added).

64.

The "maximum allowable payment" provided by South Carolina law is *less*
than the "maximum allowable reimbursement" provided under Georgia's Workers'
Compensation Act.

- 24 -

65.

Accordingly, AIIC is obligated under the Policy only to pay Doctors Hospital up to the "maximum allowable payment" provided by South Carolina law with respect to the medical services charged in the DOE 1 and DOE 2 Invoices.

66.

Doctors Hospital, however, continues to demand full payment from AIIC for the months of treatment outlined in the DOE 1 and DOE 2 Invoices.

67.

Specifically, Doctors Hospital seeks full payment under the Policy for the DOE 1 and DOE 2 Invoices in the arbitrary and exorbitant total amount of $38,679,136.73.

68.

However, full payment of the DOE 1 and DOE 2 Invoices in the arbitrary and exorbitant total amount of $38,679,136.73 would significantly exceed the amounts due or payable to Doctors Hospital under the Policy because such charges exceed the "maximum allowable payments" permitted by South Carolina's Workers' Compensation Act.

69.

Application of South Carolina's Workers' Compensation Act here is not harmful, prejudicial, or unreasonable under the circumstances because, not only is the Policy governed by South Carolina law and subject specifically to South Carolina's Workers' Compensation Act, but the SC Property, SC Work, SC Incident, and DOE 1, DOE 2, and AEO all have significant "connections" to and a "nexus" with the State of South Carolina.

70.

Likewise, Doctors Hospital regularly does business with South Carolina residents, including, but not limited to, knowingly accepting, treating, and providing medical services to South Carolina residents and injured workers.

71.

Indeed, "from the moment [DOE 1 and DOE 2] [were] admitted to the burn center, [Doctors Hospital] was aware that it was dealing with [South Carolina] workers' compensation [claims and] injur[ies], and, as a result, [Doctors Hospital] was aware, or at least should have been aware, that it would likely be paid by a [South Carolina] workers' compensation insurer or an employer. [Thus] [Doctors Hospital's] reasonable, expected [payment] amount equals the reimbursement

amounts set forth under the laws of . . . [South Carolina]." *Joseph M. Still Burn Centers, Inc. v. AmFed Nat. Ins. Co.*, 702 F. Supp. 2d 1371, 1379 (S.D. Ga. 2010) (Hall, C.J.).

72.

Because the Policy only affords coverage to AEO for the maximum allowable payments provided by South Carolina's Workers' Compensation Act, the Policy does not require AIIC to pay the DOE 1 and DOE 2 Invoices in the total amount of $38,679,136.73.

73.

Accordingly, per the terms and conditions of the Policy, AIIC is contractually obligated only to afford coverage under the Policy issued to AEO up to the maximum allowable payments under South Carolina's Workers' Compensation Act.

74.

Because AIIC is contractually obligated only to afford coverage under the Policy issued to AEO up to the maximum allowable payments of South Carolina's Workers' Compensation Act, AIIC has no duty under the Policy to pay or afford coverage for the DOE 1 and DOE 2 Invoices in the total amount of $38,679,136.73.

75.

AIIC is, therefore, entitled to a declaratory judgment that it is not under a duty to pay the DOE 1 and DOE 2 Invoices beyond the maximum allowable payments of South Carolina's Workers' Compensation Act with respect to current and future medical services charged in the DOE 1 and DOE 2 Invoices, and not the total amount of $38,679,136.73 charged therein.

## COUNT II
## ALTERNATIVELY, AIIC IS ONLY LIABLE UNDER THE POLICY TO THE EXTENT THAT DOCTORS HOSPITAL'S "USUAL, CUSTOMARY, AND REASONABLE CHARGES" ARE BENCHMARKED BY GEORGIA'S WORKERS' COMPENSATION ACT

76.

AIIC repeats and realleges the foregoing paragraphs as if fully set forth herein.

77.

Alternatively, because "[Doctors Hospital] was aware [at all relevant times] that it was dealing with . . . workers' compensation [claims and] injur[ies]," *Joseph M. Still Burn Centers, Inc. v. AmFed Nat. Ins. Co.*, 702 F. Supp. 2d 1371, 1379 (S.D. Ga. 2010) (Hall, C.J.), Doctors Hospital could not reasonably expect payment for the DOE 1 and DOE 2 Invoices to exceed that which is required by an applicable workers' compensation law.

- 28 -

78.

The Policy issued by AIIC to AEO provides that AIIC will "pay promptly when due the benefits required of [AEO] by the workers['] compensation law."

79.

The Policy defines "workers' compensation law," *inter alia*, as "the workers or workmen's compensation law and occupational disease law of each state or territory named in . . . the Information Page."

80.

The Policy identifies the states of South Carolina and Georgia on the Policy's Information Page.

81.

As alleged above, the Policy is governed by South Carolina law, and provides benefits to a South Carolina insured, whose South Carolina workers were injured in South Carolina and initiated South Carolina workers' compensation claims; thus, the Policy must utilize and abide by South Carolina law to determine its payment obligations in workers' compensation cases. *See* S.C. Code Ann. § 38-61-10 ("All contracts of insurance on property, lives, or interests in this State are considered to be made in the State and . . . ***are subject to the laws of this State***." (emphasis added)).

82.

Per South Carolina law, an employer's workers' compensation liability for
"medical, surgical and hospital service or other treatment . . . shall be limited to such
charges as prevail in the community for similar treatment of injured persons . . . ."
S.C. Code Ann. § 42-15-70; *accord* SC Manual (providing that, if a medical provider
should not be paid according to South Carolina's fee schedule, then the provider
should be paid the provider's usual and customary charge).

83.

Thus, to the extent South Carolina's Workers' Compensation Act does not
establish the basis for AIIC's payment obligations, the Policy limits AIIC's
obligation to pay Doctors Hospital only "to such charges as prevail in the community
for similar treatment of injured persons[,]" or – in other words – Doctors Hospital's
"usual, customary, and reasonable" charges for the treatment of injured workers in
the context of workers' compensation claims. S.C. Code Ann. § 42-15-70; *accord*
SC Manual (providing that, if a medical provider should not be paid according to
South Carolina's fee schedule, then the provider should be paid the provider's usual
and customary charge); *S.C. Ambulatory Surgery Ctr. Ass'n v. S.C. Workers' Comp.
Comm'n*, 389 S.C. 380, 383, 699 S.E.2d 146, 148 (2010) ("In terms of medical cost

containment, the General Assembly has provided that medical costs should be limited to reasonable costs." (citing S.C. Code Ann. § 42–15–70)).

84.

Thus, to the extent South Carolina's Workers' Compensation Act does not establish the basis for AIIC's payment obligations, the "charges [that] prevail in the [Augusta, Georgia] community for similar treatment of injured [workers]" equates to the usual, customary, and reasonable charges Doctors Hospital incurred while treating DOE 1 and DOE 2's injuries, such charges being generally benchmarked and presumed reasonable in this context by Georgia's Workers' Compensation Act. *See* Policy, Insuring Agreement ("We will pay promptly when due the benefits required of you by the workers['] compensation law."); S.C. Code Ann. § 42–15–70 (limiting workers' compensation liability to "charges as prevail" in the relevant community); SC Manual (providing that, if a medical provider should not be paid according to South Carolina's fee schedule, then the provider should be paid the provider's usual and customary charge); O.C.G.A. 34-9-205(b) (establishing Georgia's presumed reasonable basis for a medical provider's "usual, customary, and reasonable" charges respecting workers' compensation claims).

- 31 -

85.

Specifically, under Georgia law, and in the context of workers' compensation claims, a medical provider's "charges . . . and services . . . shall be subject to the approval of the State Board of Workers' Compensation. No physician, hospital, or other provider of services shall be entitled to collect any fee unless reports required by the board have been made." O.C.G.A. 34-9-205(a).

86.

To that end, on an annual basis, "the board shall publish in print or electronically a list by geographical location of usual, customary, and reasonable charges for all medical services provided" and such "[f]ees . . . shall be presumed reasonable." *Id.* at 205(b).

87.

When providing medical treatment and services involving a Georgia workers' compensation claim, Doctors Hospital, a corporation and provider operating in Augusta, Georgia, is generally prohibited by law from charging and accepting more than the "maximum allowable reimbursement" found in the Georgia Workers' Compensation Act, which is presumed reasonable in this context, and which benchmarks Doctors Hospital's "usual, customary, and reasonable charges" when

treating a workers' compensation injury in this state.

88.

Accordingly, because Doctors Hospital knew or should have known that the medical treatment and services it afforded to DOE 1 and DOE 2 involved workers' compensation claims, Doctors Hospital was on notice that AIIC, as AEO's workers' compensation insurer, would only pay its "usual, customary, and reasonable charges" for such services as are generally established in this state by the "maximum allowable reimbursement" found in the Georgia Workers' Compensation Act, which are presumed reasonable in this context.

89.

Because Doctors Hospital's "usual, customary, and reasonable charges" in this context are generally established by the Georgia Workers' Compensation Act, the Policy – applying South Carolina law – obligates AIIC only to pay the "usual, customary, and reasonable charges" established and presumed reasonable by Georgia law in this context because such charges are those that "prevail in the [Augusta, Georgia] community for similar treatment of injured [workers]." S.C. Code Ann. § 42–15–70 (limiting workers' compensation liability to "charges as prevail" in the relevant community); SC Manual (providing that, if a medical

provider should not be paid according to South Carolina's fee schedule, then the provider should be paid the provider's usual and customary charge); O.C.G.A. 34-9-205(b) (establishing Georgia's presumed reasonable basis for a medical provider's "usual, customary, and reasonable" charges respecting workers' compensation claims).

90.

However, the arbitrary and exorbitant amounts billed by Doctors Hospital in the DOE 1 and DOE 2 Invoices significantly exceed – by millions of dollars – the "usual, customary, and reasonable charges" that it may charge and reasonably expect to be paid by an entity when generally treating a workers' compensation injury in this state.

91.

Therefore, in the event the Court finds Count I, *supra*, inapplicable, AIIC is not obligated by the Policy to pay the arbitrary and exorbitantly higher charges currently contained in the DOE 1 and DOE 2 Invoices; instead, the Policy obligates AIIC to pay only those charges that "prevail in the [Augusta, Georgia] community for similar treatment of injured [workers]," which are the "usual, customary, and reasonable charges" that are generally benchmarked and presumed reasonable in this

- 34 -

context by Georgia's Workers' Compensation Act.

92.

As a result, in the event the Court finds Count I, *supra*, inapplicable, AIIC is entitled to a declaratory judgment from this Court that it is obligated by the Policy to pay Doctors Hospital only for the "usual, customary, and reasonable charges" it incurred or incurs in the future while treating DOE 1 and DOE 2's injuries, such charges which are generally benchmarked and presumed reasonable in this context by Georgia's Workers' Compensation Act, and not the arbitrary and exorbitant amount of $38,679,136.73 charged therein.

<b><u>PRAYER FOR RELIEF</u></b>

**WHEREFORE**, AIIC respectfully prays as follows:

(1)     that this Court declare that AIIC is only liable to pay under the Policy with respect to the DOE 1 and DOE 2 Invoices up to the maximum allowable payment allowed and provided by South Carolina's Workers' Compensation Act;

(2)     alternatively, that this Court declare that AIIC is only liable to pay under the Policy with respect to the DOE 1 and DOE 2 Invoices those charges that "prevail in the [Augusta, Georgia] community for similar

- 35 -

treatment of injured [workers]," which are determined by the "usual, customary, and reasonable charges" that are generally benchmarked and presumed reasonable in this context by Georgia's Workers' Compensation Act;

(3)     that judgment be entered in AIIC's favor and against the Defendants;

(4)     that this Court bind each and every named party herein by said judgment;

(5)     that the Court award AIIC all costs, expenses, and attorneys' fees that it is entitled to receive under federal and/or state law; and

(6)     that this Court enter an order granting such other and further relief as justice requires.

This 8th day of July, 2022.

Respectfully submitted,

SWIFT, CURRIE, McGHEE & HIERS, LLP

By:   */s/ M. Brandon Howard*
      Stephen M. Schatz
      Georgia State Bar No. 628840
      Bradley S. Wolff
      Georgia State Bar No. 773388
      M. Brandon Howard
      Georgia State Bar No. 550524
      *Attorneys for Plaintiff*

The Peachtree, Suite 300
1355 Peachtree Street, N.E.
Atlanta, GA 30309-3231
(404) 874-8800
steve.schatz@swiftcurrie.com
brad.wolff@swiftcurrie.com
brandon.howard@swiftcurrie.com